## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES MAGOLETTA GREEN                    :

    Petitioner                               :

    v.                                       :        Civil Action No.  JFM-06-2364

CIRCUIT COURT OF HARFORD.                :
COUNTY, MARYLAND
    and                                  :
THE ATTORNEY GENERAL
OF MARYLAND                              :

    Respondents                          :

. . . . .o0o. . . . .
### MEMORANDUM

Before the court is a pro se 28 U.S.C. § 2254 motion filed by James Magnoletta Green challenging his July 11, 2006, conviction in the Circuit Court for Harford County for cocaine distribution.  Green has also filed a motion for leave to proceed in forma pauperis which will be granted by separate order.  After careful review, the court will dismiss the 28 U.S.C. §2254 motion without prejudice so that it may be refiled after Green exhausts available state court remedies.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have  been presented to the state courts. *See* 28 U.S.C. §2254(b)& (c); *see also Preiser v. Rodriguez,* 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.  For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-

302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  If, however, the application is granted but relief on the merits of the claim is denied,  petitioner must file a petition for writ of certiorari to the Court of Appeals.  *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Crim. Proc. Code Ann. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See*  Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied,  petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams, supra*.

Green, who is presently imprisoned at the Harford County Detention Center, is scheduled to be sentenced on October 11, 2006.  Petition at 2.  It is clear that he has yet to complete available direct appeal or post conviction remedies. *See id.*  Accordingly, a separate order will be entered dismissing the petition without prejudice to allow petitioner to exhaust his state court remedies.[1]

September 19, 2006                              /s/ _____
Date                                           J. Frederick Motz
                                               United States District Judge

_____

  [1]        A one-year filing deadline applies to 28 U.S.C. § 2254 motions for habeas relief. The Court will direct the Clerk to mail a forms and information packet to Green in the event he intends to refile after exhaustion of administrative remedies.